IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REBECCA R. MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-929-SMY-DGW |
| | ) |
| STONEBRIDGE LIFE INSURANCE COMPANY, a Vermont Domestic Profit Corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Rebecca R. Morgan's and Defendant Stonebridge Life Insurance Company's ("Stonebridge") cross motions for summary judgment (Docs. 39 and 41). For the following reasons, both motions are **GRANTED** in part and **DENIED** in part.

### Background

The material facts are undisputed in this case. Plaintiff is the daughter and heir of Brian Morgan, who died in a single car accident in the early morning hours of September 15, 2012. At the time of his death, Morgan had an accidental death insurance policy with Stonebridge for $100,000. The policy contained an exclusion for "injury that: . . . Is caused by or results from the Covered Person's blood alcohol level being .10 percent weight by volume or higher." (Doc. 26-1 p. 4).

Pulaski County Coroner Brian Curry responded to the scene of the accident and noted that the vehicle had left the roadway and rolled several times, landing about 170 feet from the road. Curry also noted that Brian Morgan's body was ejected from the vehicle, landing about 50 feet away, indicating that he was not wearing a seatbelt. Curry checked the scene for any illegal substances, including alcohol containers, and found none. Curry concluded that the crash was an

accident because no other vehicles were involved. No autopsy or accident reconstruction was performed, but through a visual inspection, Curry determined that the cause of death was blunt force trauma. Brian Morgan's body was taken from the crash scene to a local funeral home, where Curry took a blood sample from the area around Brian Morgan's heart. The sample was sent to a testing facility and the results indicated that Morgan's blood alcohol level was .182.

Stonebridge received written notice of Plaintiff's claim on March 25, 2014. Stonebridge denied the claim in June 2014 and again in May 2015, citing a medical consultant's opinion that Brian Morgan's death was caused by or resulted from his alcohol blood level which exceeded the policy exclusion's .10 limit.[1]

Brian Morgan spent the day before the fatal crash at work harvesting corn from 7 am until 9 pm, capping off five straight days of work exceeding 12 hours each day. According to a coworker, Morgan Brian did not consume any alcohol while at work that day. Morgan left work at 9 pm and drove to a friend's house that was approximately 30 minutes away. He socialized and watched his friends play poker for the next several hours. His friends saw him drinking from a Styrofoam cup, but no one knows what was in the cup. Morgan did not appear intoxicated, and no one saw him drinking anything other than what was in the Styrofoam cup. Morgan left his friend's house around 3:00 am and the accident occurred approximately 20 minutes later. Vicki Penney, Brian Morgan's aunt, testified during deposition that he consistently worked long hours and he "couldn't sit down without falling asleep in a chair because he didn't get a lot of sleep." (Doc. 42-2 p. 17).

## Discussion

Plaintiff asserts that she is entitled to summary judgment because the language of the policy is ambiguous and must be construed against Stonebridge. Specifically, Plaintiff argues

---

[1] Stonebridge asserted a "assault/felony" exclusion and a laches affirmative defense in its Answer but appears to have abandoned both in its motion. Therefore, the Court will not address these issues.

that in order for the exclusion to apply, Stonebridge must establish that Morgan's elevated blood alcohol level was "the sole cause" of the injury and Stonebridge has not produced evidence to satisfy that standard. Plaintiff further argues that Stonebridge was aware that the language in their policy would be construed against them and therefore, the claim was denied in bad faith. For its part, Stonebridge argues that its denial of the claim was appropriate because the exclusion applies if the elevated blood alcohol level was a proximate cause of the injury; it need not be the sole cause. Stonebridge further argues that it cannot be held liable for bad faith because it correctly denied Plaintiff's claim.

Summary judgment is appropriate if the "movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Mere speculation cannot be used "to manufacture a genuine issue of fact." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Moreover, the interpretation of insurance policies is appropriate for summary judgment because it presents solely a question of law. *Metro. Cas. Ins. Co. v. Donnelly*, 158 F. Supp. 3d 734, 737 (S.D. Ill. 2016).

### *Count I - Policy Exclusion*

"The burden is on the insured to prove that its claim falls within the coverage of an insurance policy. Once the insured has demonstrated coverage, the burden then shifts to the insurer to prove that a limitation or exclusion applies." *Addison Ins. Co. v. Fay*, 232 Ill. 2d 446, 453-54, 905 N.E.2d 747, 752 (2009). Here, the insurance policy covers "accidental death" (Doc. 26-1 p. 1) and Stonebridge does not dispute that Brian Morgan's death was accidental. Stonebridge's only argument is that the policy excludes coverage for a death which is caused by or results from "drunk driving".

Under Illinois law, when "the terms of the policy are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who

drafted the policy. Additionally, provisions that limit or exclude coverage will be interpreted liberally in favor of the insured and against the insurer*." Am. States Ins. Co. v. Koloms*, 177 Ill. 2d 473, 479, 687 N.E.2d 72, 75 (1997).

In the context of the exclusion in Stonebridge's policy, the phrase "caused by or results from" is ambiguous and is susceptible to more than one interpretation. What type or degree of cause does the phrase refer to? Does the alcohol level have to be only a contributing cause, a substantial or the sole cause of the injury? The phrase certainly may mean different things to different people, including reasonable insureds. As such, the language must be strictly construed against Stonebridge and for coverage – it must be construed such that the alcohol level must be found to be the sole cause in order to trigger the exclusion.

"It is well established under Illinois law that 'to be totally excluded from coverage under an insurance policy, an injury must have been caused solely by a proximate cause excluded under the policy.'" *Cabernoch v. Union Labor Life Ins. Co.*, No. 06 C 1515, 2009 WL 928998, at 5 (N.D. Ill. Apr. 6, 2009). Further, "[i]f a proximate cause of an injury is within the included coverage of an insurance policy, the included coverage is not voided merely because an additional proximate cause of the injury is a cause which is excluded under the policy. **Thus, in order for an injury to be excluded from coverage under an insurance policy, the injury must have been caused solely by a proximate cause which is excluded under the policy**. The insurance carrier has the burden of proof as to whether the injury was caused solely by a proximate cause which is excluded under the policy." (emphasis added). *U.S. Fidelity and Guaranty Company v. State Farm Mutual Automobile Insurance Company*, 152 Ill. App. 3d 46, 48-49, 504 N.E. 2d 123, 125, 105 Ill. Dec. 254, 256 (1987), *See also, Smith v. Stonebridge Life Ins.*, 473 F. Supp. 2d 903 (W.D. Wis. 2007) (examining identical exclusion language to the language in the instant case).

4

In arguing that, under the "plain language" of the policy, it only needs to establish that Morgan's blood alcohol level was a proximate cause of his death, Stonebridge relies on decisions applying the laws of Nebraska, Louisiana and Kansas. In *Lovette v. Stonebridge Life Ins. Co.*, the Supreme Court of Nebraska held the insurer need only show that the insured's blood alcohol level is causally related to the accident. 272 Neb. 1, 5, 716 N.W.2d 743, 747 (2006). In *Murphy v. J.C. Penney Life Ins. Co.*, the District Court for the Western District of Louisiana applied Louisiana law to conclude that intoxication need only be a "contributing cause of the accident." No. CIV.A. 02-1948, 2003 WL 22670838, at *3 (W.D. La. Oct. 21, 2003). In *Osborne v. Union Labor Life Ins. Co.*, the Kansas Court of Appeals upheld the exclusion for those who are "legally intoxicated as defined in the state where the [i]njury occurs[,]" when it was uncontroverted that intoxication was the cause of death. 122 P.3d 42 (Kan. Ct. App. 2005). These cases are inapposite as a finding of sole proximate causation is not required in these states.

Under Illinois law, to warrant summary judgment in its favor, Stonebridge must show that Brian Morgan's elevated blood alcohol level was the sole proximate cause of the injury. It has not done so. Stonebridge's evidence includes the opinions of forensic experts, that Morgan was more likely to be in an accident because of his blood alcohol level. The evidence does not show, however, that Morgan's blood alcohol level actually caused this accident, his injuries or his death. Absent additional evidence, it would be speculative and inappropriate for the Court to conclude that, because Morgan had an elevated blood alcohol level and was in a single vehicle accident, as a matter of law, the blood alcohol level was the sole proximate cause of his unfortunate death.

There were no witnesses to the accident, there was no alcohol found at the scene, Brian Morgan was seen immediately before the accident and did not appear intoxicated and he had worked 12 hours a day for five days in a row. One could just as easily conclude that Morgan fell

asleep at the wheel, that he swerved to avoid something in the road or that his failure to wear a seatbelt caused his death. Again, because Illinois law requires courts to construe ambiguous policies against the drafter, the Court will not correct, in its favor, what appears to be a drafting oversight by Stonebridge. Accordingly, the exclusion does not apply and summary judgment on the issue of coverage will be granted in favor of the Plaintiff and against the Defendant.

### *Count II - Bad Faith*

"Any of the following acts by a company, if committed without just cause and in violation of Section 154.5, constitutes an improper claims practice: . . . (d) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear." 215 Ill. Comp. Stat. Ann. 5/154.6.

Plaintiff does not cite to any authority or specific evidence in support of her bad faith claim. She merely asserts that Stonebridge acted in bad faith by denying her claim when it knew that the language of the exclusion would be construed against it. Stonebridge maintains that there is at least a *bona fide* legal dispute over whether the exclusion applies in this case. Stonebridge is correct. Under different state law standards, courts have applied the same or similar exclusionary language. *See, e.g.*, *Lovette v. Stonebridge Life Ins. Co.*, 272 Neb. 1, 5-8, 716 N.W.2d 743, 747-49 (Neb. 2006); *Osborne v. Union Labor Life Ins. Co.*, No. 93, 471, 2005 WL 2951430, 1-4 (Kan. Ct. App. 2005); *Murphy v. J.C. Penney Life Ins. Co.*, No. CIV.A. 02-1948, 2003 WL 22670838, at 1 (W.D. La. Oct. 21, 2003). Although these standards do not apply in Illinois, there is at least room for a good faith belief and argument by Stonebridge for a similar interpretation or a change in the law given its obvious intent in drafting the exclusion. Therefore, Plaintiff's motion for summary judgment as to Count II of the Amended Complaint will be denied and Stonebridge's motion will be granted as to that count.

**Conclusion**

For the foregoing reasons, Plaintiff Rebecca Morgan's Motion for Summary Judgement is **GRANTED** as to Count I of the Amended Complaint and **DENIED** as to Count II. Plaintiff is **AWARDED** damages in the amount of $100,000 plus prejudgment interest from August 20, 2015 until the date judgment is entered. Defendant Stonebridge Life Insurance Company's Motion for Summary Judgment is **DENIED** as to Count I and **GRANTED** as to Count II. The Clerk of Court will be DIRECTED to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 20, 2017**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**